UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHERINE B., ) | |
|       Plaintiff, ) | |
| ) | |
|   v. ) | CAUSE NO.: 2:19-CV-257-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff Katherine B. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income. In her applications, Plaintiff alleged that she became disabled on January 1, 2015. (AR 17). After a hearing in 2017, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of status post ileostomy in July 2012 with stomal revision in September 2012 and ventral hernia. (AR 20). The ALJ also found that Plaintiff suffered from the nonsevere impairments of depression and anxiety (AR 20). The ALJ found that Plaintiff is unable to perform any past relevant work, but that she is capable of performing jobs in the national economy, such as packer, assembler, and inspector. (AR 26). Therefore, the ALJ found her to be not disabled from January 1, 2015, through the date of the decision. (AR 26). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff contends that the ALJ committed two reversible errors: the ALJ failed to properly evaluate Plaintiff's need to take bathroom breaks in the RFC determination, and the ALJ did not adequately assess Plaintiff's subjective allegations.

## A. RFC Determination

Plaintiff asserts that the ALJ erred in assessing her RFC by failing to account for her need for frequent bathroom breaks. At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 SSR LEXIS 5, at *19, 1996 WL 374184, at *7. Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis in her decision to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to [her] conclusion." *Scott v. Barhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

Plaintiff asserts that the ALJ failed to properly evaluate her need to take frequent bathroom breaks. Plaintiff underwent a loop ileostomy in July 2012, followed by a stomal revision in

September 2012. (AR 349-69, 494, 498-500, 512). In a loop ileostomy, a loop of the small bowel "is brought outside the abdominal wall to create a stoma through which digested food passes into an external pouching system."[1] The external pouching system must be emptied frequently as ileostomy output is a looser and thinner consistency, and thinner output must be emptied more often.[2]

Plaintiff testified that she has to empty her bag ten to twelve times a day, and on average six times during a work day. (AR 79-80). She testified that each bathroom break to empty her bag takes five to ten minutes, and that she could not predict when she would need to empty her bag. (AR 80). Plaintiff testified that the unpredictable and frequent nature of needing to empty her bag caused problems in the workplace. (AR 79-81). The ALJ found that although Plaintiff testified that she required frequent bathroom breaks to empty her ileostomy bag, "she did not indicate that she was terminated from any of her prior jobs for this reason." (AR 24). The VE testified that if an individual with Plaintiff's characteristics needed even an extra twelve minutes worth of breaks outside of scheduled breaks, she would not be able to sustain employment. (AR 103-04).

The Seventh Circuit has held that an ALJ is in error where she fails to make a finding regarding the required length or frequency of bathroom breaks in cases where that may affect the claimant's ability to maintain full time work. *Sikorski v. Berryhill*, 690 Fed. App'x 429, 433 (7th Cir. 2017). The ALJ has failed to justify her conclusion that Plaintiff's reported unpredictable and frequent bathroom breaks would not stop her from performing full-time work when the ALJ failed to make a definitive finding regarding Plaintiff's bathroom breaks. Plaintiff testified that she required six bathroom breaks of five to ten minutes apiece during the work day. The VE stated that

---

[1] https://www.ostomy.org/ileostomy/
[2] https://www.clinimed.co.uk/stoma-care/faqs/what-is-the-normal-output-for-a-stoma

twelve minutes of extra breaks would be work-preclusive. The ALJ has not reconciled these pieces of the record.

The ALJ has failed to resolve whether Plaintiff could take care of her bathroom needs within the confines of normal work breaks. The ALJ states that Plaintiff was capable of working part time during the relevant time period despite her alleged bathroom needs. However, Plaintiff's work record does not make clear whether her previous jobs allowed her to take extra breaks or otherwise accommodated her. In fact, Plaintiff testified that her employers have requested that she attempt to schedule her bathroom breaks better, but she testified that her need to empty her bag is completely out of her control. (AR 81). She also testified that some of her previous employers were accommodating in allowing her to take extra breaks, or even to go home early. (AR 56, 69). Moreover, Plaintiff has only worked part time jobs since her alleged onset date. (AR 57-59). While Plaintiff has never been fired from any of her part-time jobs due to excessive bathroom breaks, this does not prove that she would be able to sustain full time work if she needed excessive and unpredictable bathroom breaks.

The ALJ failed to make any finding regarding the length or frequency of Plaintiff's bathroom visits, and the Court cannot speculate on facts not in the record. *See Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014); *Sikorski*, 690 Fed. App'x at 433. Because the ALJ failed to make a finding on the matter, the Court cannot be confident that the ALJ provided the VE with a "complete picture" of Plaintiff's RFC. *Murphy*, 759 F.3d at 820. This error requires remand. *Sikorski*, 690 Fed. App'x at 433.

The Commissioner points to medical evidence that Plaintiff occasionally presented to the ER with low ostomy output and struggled with constipation. However, the ALJ did not discuss this evidence anywhere in her decision, so the Court cannot determine that the ALJ properly

5

considered the evidence. Moreover, the evidence that the Commissioner identifies predates the alleged onset date. (AR 417, 349, 593, 1400). The ALJ's decision does note ER visits finding decreased ostomy output; however, the trips to the ER were out of concern due to the unusual nature of the decreased ostomy output. (AR 23). The ALJ does not point to any evidence that low ostomy output was normal for Plaintiff. The ALJ does not discuss Plaintiff's output when analyzing her need for frequent bathroom breaks in any way. Furthermore, the amount of output alone does not determine when a person may need to empty the bag. Ileostomy patients are prone to suffer from gas build up in their bags that would require emptying a bag even though it may not be "full."[3] Failure to relieve gas in a stoma bag may cause the bag to come loose from the skin.[4] The Commissioner's arguments fail. The ALJ did not discuss Plaintiff's decreased output when analyzing her need for bathroom breaks, nor did the ALJ properly discuss whether Plaintiff needed extra bathroom breaks during a workday. Therefore, the Court cannot be sure the ALJ properly considered the evidence.

### B. Other Issues

Plaintiff also raises additional issues regarding the ALJ's treatment of her subjective symptoms. Because the ALJ erred in failing to properly discuss and analyze Plaintiff's alleged need for extra bathroom breaks, remand is appropriate. Proper analysis and discussion of her need for bathroom breaks may alter the discussion of the subjective symptoms. The Court remands this case due to a failure to discuss Plaintiff's alleged need for excessive bathroom breaks.

---

[3] https://www.shopostomysupplies.com/ar-how-to-prevent-excess-gas-accumulating-in-your-ostomy-pouch.html
[4] https://www.coloplast.co.uk/global/ostomy/ostomy-self-assessment-tools/troubleshooter/leakage/ballooning-air-from-stoma-inflates-bag/

### C. Request for Award of Benefits

Though Plaintiff requests an award of benefits, that remedy is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). In this case, remand, not an immediate award of benefits, is required.

### CONCLUSION

The ALJ did err in her discussion of Plaintiff's need for extra bathroom breaks. Therefore, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 13], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits.

SO ORDERED on May 29, 2020.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN, JUDGE
> UNITED STATES DISTRICT COURT